[Cite as *Biotricity, Inc. v. DeJohn*, 2024-Ohio-1593.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BIOTRICITY, INC.,                    :

    Plaintiff-Appellee,         :

                                No. 113216

    v.                          :

TIM DEJOHN, ET AL.,                  :

    Defendants-Appellants.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 25, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-984311

---

### *Appearances:*

Gordon Rees Scully Mansukhani, David A. Campbell, and
Y. Timothy Chai, *for appellee.*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,
William S. Rutchow, Robert C. Petrulis, and Andrea V.
Arnold, *for appellants.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendants-appellants, Tim DeJohn ("DeJohn"), Kaitlyn Briggs ("Briggs"), and VivaQuant, Inc. ("VivaQuant") (collectively, "appellants"), appeal from the trial court's denial of their emergency motion to compel arbitration,

dismiss or stay the action, and stay discovery until the motion to compel was resolved, and their motion for a protective order. For the reasons that follow, we reverse the trial court's judgments and remand with instructions for the trial court to stay all proceedings and decide appellants' pending motion to compel arbitration.

## I. Background

{¶ 2} DeJohn and Briggs are former employees of appellee, Biotricity Inc. ("Biotricity"). They resigned from Biotricity and accepted employment with VivaQuant, a competitor of Biotricity's. In August 2023, Biotricity filed suit against appellants, alleging that DeJohn and Briggs had violated their non-compete and confidentiality agreements with Biotricity and that VivaQuant had unlawfully solicited and hired DeJohn and Briggs in an attempt to gain access to Biotricity's confidential business information. Biotricity asserted claims for breach of contract and breach of duty of loyalty against DeJohn and Briggs; misappropriation of trade secrets, tortious interference with business relations, and civil conspiracy against all appellants; and injunctive relief.

{¶ 3} Appellants filed a motion for change of venue, which the trial court denied. The trial court then set a hearing on Biotricity's motion for a preliminary injunction. In lieu of the scheduled hearing, the parties appeared on September 15, 2023, for an attorney conference at which they agreed to a stipulated order that set deadlines for written discovery and depositions, and ordered that discovery would be ongoing until the date of trial, which was set for October 25, 2023.

{¶ 4} On September 21, 2023, six days after agreeing to the stipulated order, appellants filed an emergency motion pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA") to compel arbitration, dismiss or stay the action, and stay all discovery until the motion to compel arbitration was resolved. In their motion, appellants argued that they had learned only the day before filing their motion, while doing a routine "litigation check" of Biotricity, that in a 2022 employment discrimination suit against Biotricity by a former employee, Biotricity had asserted that the employee was bound by an arbitration agreement.[1] Appellants also learned that Biotricity's CEO had submitted a sworn declaration in that case in which he averred that the arbitration agreement constituted "an alternative dispute resolution used by TriNet and its customers, including Biotricity, which requires disputes arising out of an employee's employment to be submitted to binding arbitration." Biotricity's CEO further averred that "Biotricity desire[s] and expect[s] to be bound by the terms of the [arbitration agreement] in the event of a dispute arising out of one of its employees' employment." Those findings led DeJohn and Briggs to check a still-active employee website regarding their employment with Biotricity, which confirmed that they too had agreed to the same arbitration agreement with Biotricity and TriNet.

{¶ 5} As explained in appellants' motion to compel arbitration, Biotricity is a customer of TriNet, which serves as Biotricity's professional employer

---

[1] *Wallace v. Biotricity, Inc., et al.*, Superior Court of California, Orange County (Case No. 30-2022-01285239-CV-OE-CJC).

organization.  TriNet provides Biotricity with general administrative support, including onboarding, payroll processing, and providing access to certain personnel information, documents, and notices for Biotricity's employees.  TriNet also provides an online portal that houses employment records and forms, including its Terms and Conditions Agreement.  The Terms and Conditions Agreement contains an arbitration agreement, entitled Dispute Resolution Protocol ("DRP"), which requires mandatory arbitration of employment-related claims, as follows:

> [T]he DRP expressly requires that arbitration will be used instead of going before a court (for a judge or jury trial) and that NO JURY TRIAL WILL BE PERMITTED * * * for any dispute arising out of or relating to your co-employment with TriNet and/or arising out of or relating to your employment with your company [Biotricity].
>
> * * *
>
> [T]his DRP covers any dispute arising out of or relating to your co-employment with TriNet, including your TriNet co-employer, and/or arising out of or relating to your employment with your company * * * including but not limited to, all claims arising in tort or contract and whether arising under statute or common law including, but not limited to, any claim of breach of contract, discrimination or harassment of any kind. *The Federal Arbitration Act ("FAA") applies to this DRP * * *.*  This DRP will survive the termination of the employment relationship.

(Emphasis added.)

{¶ 6}  Upon learning of the arbitration agreements between Biotricity, TriNet, DeJohn, and Briggs, appellants filed an emergency motion to compel arbitration, dismiss or stay the action, and stay discovery until the motion to compel

was resolved.[2] Because of the discovery that was scheduled to take place shortly (including DeJohn's and Briggs's depositions), they also filed a motion to reduce the time periods for Biotricity's responsive brief to their motion and their reply. Appellants also filed a motion for a protective order excusing them from appearing for depositions scheduled for September 26 and 28, 2023, a stay of discovery, and a continuance of the trial date until the court had resolved the motion to compel arbitration. In their motion, appellants asserted that Biotricity had never disclosed the mandatory arbitration agreement and that they did not learn of the arbitration agreement until September 20, 2023, five days after they agreed to the stipulated order and one day before filing their emergency motion. Appellants argued that further discovery in the case was inappropriate because the case could very well be transferred to an arbitral forum.

---

[2] VivaQuant, although a nonsignatory to the arbitration agreements, joined the motion to compel arbitration under principles of equitable estoppel. *See Discovery Res., Inc. v. Ernst & Young U.S. LLP*, 2016-Ohio-1283, 62 N.E.3d 714, ¶ 21-23 (9th Dist.) (where a party alleges substantially interdependent and concerted misconduct by both a nonsignatory and one or more signatories to an arbitration agreement, the non-signatory may compel arbitration through the application of equitable estoppel). There can be no dispute that Biotricity's civil conspiracy claim in its amended complaint, which accused appellants of "form[ing] a malicious combination designed to harm [Biotricity]," raised allegations of "substantially interdependent and concerted misconduct" between DeJohn and Briggs, signatories to the arbitration agreements, and nonsignatory VivaQuant. "Where a party alleges that a non-signatory engaged in a conspiracy with a signatory, the non-signatory may compel arbitration." *Kruse v. ALFAC Internatl., Inc.*, 458 F.Supp.2d 375, 383 (E.D.Ky. 2006).

{¶ 7} The trial court denied appellants' motion for a protective order, subject to reconsideration, and their motion to reduce the time periods for briefing regarding their motion to compel arbitration. The trial court further ruled that

> [a]s it relates to [appellants'] emergency motion to compel arbitration, dismiss or stay action, and stay discovery until [the] motion to compel is resolved (filed 9/21/2023), [Biotricity] is entitled to the ordinary response time under Civ.R. 6(C)(1) to oppose, object to, or otherwise respond to the motion. The court will issue a decision on the motion only after it has been fully briefed by the parties and is accordingly ripe for judgment under Civ.R. 6.

{¶ 8} At the request of the parties, the trial court held a telephone conference, after which, upon reconsideration of appellants' motions, the trial court again declined to issue a stay and ordered the parties to comply with the existing discovery deadlines:

> Pursuant to the parties' stipulated order on plaintiff's motion for preliminary injunction (entered into 09/15/2023, docketed 09/19/2023), defendants Tim DeJohn and Kaitlyn Briggs were to be deposed on 09/26/2023, starting at 9:00 a.m. [The] parties are to abide by that agreement and conduct depositions at the scheduled date and time. The court orders [the] parties to not engage in delay tactics and to proceed with the depositions as scheduled, and to preserve all objections. Failure to abide by the parties' stipulated agreement may result in sanctions.

{¶ 9} Pursuant to Section 16(a)(1) of the FAA, appellants immediately filed an appeal from the trial court's orders denying their motion for a protective order and stay of discovery and trial denying their motion to expedite briefing on their motion to compel arbitration, and ordering that they proceed with discovery under pain of sanctions while their motion to compel arbitration remained pending.

{¶ 10} In response to the appellants' notice of appeal, Biotricity filed a motion to dismiss the appeal, contending that this court lacks jurisdiction because the orders from which appellants appealed merely ordered that discovery could proceed pending a ruling on appellants' motion to compel arbitration, and thus are interlocutory discovery orders that are neither final nor appealable under Ohio law. Biotricity also filed a motion for sanctions against appellants, asserting that their appeal is frivolous.

## II. Law and Analysis

{¶ 11} In their single assignment of error, appellants contend that the trial court erred first by denying their motion to stay discovery and further proceedings pending resolution of their motion to compel arbitration, and then upon reconsideration, by ordering that discovery was to proceed and the parties were to abide by the schedule set forth in the stipulated order without first resolving the motion to compel arbitration. Appellants contend that the trial court orders effectively denied their motion to compel arbitration.

{¶ 12} We must first determine whether we have jurisdiction to consider this appeal. Appellate courts are courts of limited jurisdiction confined to reviewing only final orders from lower courts. *See* Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, #93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6.

{¶ 13} Biotricity contends that *Marks v. Morgan Stanley Dean Witter Comm. Fin. Servs.*, 8th Dist. Cuyahoga No. 84209, 2004-Ohio-6419, demonstrates that the trial court's orders are not final and appealable. In *Marks*, the plaintiff filed suit against his former employer and supervisors, asserting various employment-related claims. *Id.* at ¶ 2. In response to the defendants' motions to compel arbitration and stay discovery, the trial court ruled that discovery was to proceed but set a date for a hearing on the motion to compel. *Id.* at ¶ 5-6. When the defendants appealed from those orders, the plaintiff moved to dismiss the appeal on the basis that the orders were not final and appealable because the trial court had not yet ruled on the motion to compel arbitration. *Id.* at ¶ 9. The defendants contended that the motions were final appealable orders because they denied the motion to stay proceedings and compel arbitration. *Id.*

{¶ 14} This court found that the denial of the motions "did not expressly or impliedly rule on the motions to compel arbitration" and that the trial court "only refused to stay discovery during the pendency of the motions to compel arbitration." *Id.* at ¶ 10. This court also found that the order denying a stay was not appealable under any provision of R.C. 2505.02(B), which specifies the types of orders that are considered final and appealable under Ohio law. *Id.* at ¶ 11. Accordingly, this court held that the disputed orders were not final and appealable and dismissed the appeal for lack of jurisdiction. *Id.* at ¶ 14.

{¶ 15} We do not find *Marks* to be controlling authority in this case because the FAA, which was neither mentioned nor discussed in *Marks*, applies to this case.

As set forth above, the express terms of the arbitration agreement at issue state that the FAA applies. Furthermore, Section 2 of the FAA provides that a written arbitration provision in any contract that "evidenc[es] a transaction involving commerce" is "valid, irrevocable, and enforceable" under the FAA. 9 U.S.C. 2. The United States Supreme Court has held that the phrase "involving commerce" is to be interpreted broadly, such that the FAA governs any arbitration agreement arising from a contract that affects commerce in any way. *Allied-Bruce Terminx Cos. v. Dobson,* 513 U.S. 265, 273-274, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *see also Guiness-Harp Corp. v. Jos. Schlitz Brewing Co.,* 613 F.2d 468, 472 (2d Cir.1980) ("Federal law applies to enforcement of a duty to arbitrate whenever interstate commerce is involved.").

{¶ 16} Moreover, where an arbitration arises from an agreement that relates to interstate commerce, state courts are bound to apply the FAA. *See V.I. v. United Indus. Workers, N.A.,* 169 F.3d 172, 176 (3d Cir.1999) (although the FAA by its terms applies to cases in federal courts, it also applies in state courts to the extent an arbitration provision affects interstate commerce); *PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 208 (6th Cir.2001) ("The FAA extends Congress's legislative authority to the maximum extent under the Commerce Clause, and is therefore binding on state courts that interpret contracts involving interstate commerce."); *VCW, Inc. v. Mut. Risk Mgmt., Ltd.,* 46 S.W.3d 118 (Mo.App.2001) (In an action under the FAA, the state court "was obliged to apply the FAA in cases involving interstate commerce,

and could not apply state law, substantive or procedural, which was in derogation thereof.").

{¶ 17} There is no question that the arbitration provision at issue arises out of employment agreements that relate to interstate commerce. Biotricity confirmed in its amended complaint that it is a Nevada corporation with its principal place of business in California and that it employed DeJohn and Briggs to perform services for it in Michigan and Ohio. Furthermore, in the *Wallace* case, Biotricity's CEO stated in his sworn declaration that Biotricity operates in "multiple states and serves clients throughout the United States and the world. Biotricity also acquires necessary equipment and supplies from out of state, which in turn are transported across state lines for delivery to Biotricity." Thus, under both the express terms of the arbitration agreement and applicable legal standards, the FAA applies to the matters at issue in this appeal.

{¶ 18} Because the FAA applies, we find that the trial court's orders effectively denied appellants' motion to compel arbitration and thus are immediately appealable. The Third Circuit's decision in *Sarah Car Care, Inc. v. Logisticare Sols, LLC,* 3d Cir. No. 21-3108, 2023 U.S. App LEXIS 22008 (Aug. 22, 2023), a case that is almost factually identical to this case and which the dissent does not address, compels this result. In *Sarah Car Care*, the plaintiff filed suit in state court against the defendant, alleging claims of breach of contract, promissory estoppel, unjust enrichment, and violations of federal law. *Id*. at 2. The defendant removed the case to federal court and then moved to dismiss or stay the action and

compel arbitration under the FAA. *Id.* Instead of ruling on the motion to compel, the district court ordered the parties to make initial disclosures, commence and conduct substantial discovery, and complete a discovery plan in advance of a scheduled pretrial conference. *Id.* After the defendant unsuccessfully sought an adjournment of its discovery obligations and the pretrial conference, it moved for a protective order staying all discovery pending resolution of its motion to compel arbitration. *Id.* at 3. The district court declined to enter the protective order, set deadlines for the completion of discovery, and scheduled the final pretrial conference. *Id.* The defendant then appealed. *Id.*

{¶ 19} Upon considering whether it had jurisdiction to consider the appeal, the Third Circuit explained:

> We generally only have jurisdiction over "final decisions of the district courts." However, under the Federal Arbitration Act, a party may immediately appeal an order "refusing a stay of any action," involving "any issue referable to arbitration under an agreement in writing for such arbitration." This includes orders denying motions to compel arbitration, as well as "orders that have the effect of declining to compel arbitration." [Defendant's] appeal relies on the latter part of that rule, arguing that we have jurisdiction to review the District Court's judgment because the Court effectively denied its motion to compel arbitration by declining to stay discovery.

> We agree on the jurisdictional point. The District Court's order broadly contemplates "[a]ll fact discovery * * * being completed" in federal court as opposed to arbitration. So the District Court's order denying a protective order effectively denies [defendant's] pending motion to compel arbitration because the Court is allowing the litigation to proceed in full, without first deciding whether Sarah Car Care's claims must be arbitrated.

> * * *

> We conclude that the combined effect of denying [defendant's] motion for a protective order to stay discovery and deferring indefinitely [defendant's] motion to compel arbitration resulted in the latter being effectively denied. Thus, the denial of the protective order is immediately appealable under the FAA.

*Id.* at 3-5.

{¶ 20} As in *Sarah Car Care*, the trial court's denial of appellants' motions for a protective order and for a stay of discovery, before ruling on their motion to compel arbitration, effectively denied their motion to compel arbitration. The court ordered the parties to complete discovery and prepare for trial, declined to stay the trial, and made clear that any decision on appellants' motion to compel arbitration would not come until discovery on the merits was substantially completed pursuant to the existing discovery, pretrial, and trial deadlines set forth in the stipulated order. Thus, the trial court ordered litigation to proceed in full in the judicial forum without first deciding whether Biotricity's claims must be arbitrated. Under these circumstances, as in *Sarah Car Care*, the trial court's orders are immediately appealable under the FAA. Because we find the trial court's orders immediately appealable under the FAA, we need not consider appellants' argument that they are also immediately appealable under R.C. 2711.02 and 2505.02(B).

{¶ 21} We therefore deny Biotricity's motion to dismiss the appeal. We likewise deny Biotricity's motion for sanctions under Loc.App.R. 23(A), which allows this court to impose sanctions if we determine that an appeal is frivolous. We find nothing to suggest that appellants had no basis for appealing the trial court's orders. As discussed above, under the FAA, which is applicable to the arbitration

agreements at issue, a party may immediately appeal the denial of orders that have the effect of declining to compel arbitration. Appellants' appeal on these grounds cannot therefore be deemed frivolous.

{¶ 22} As recognized in *Sarah Car Care*, "requiring the parties to undergo full discovery without a clear decision regarding the motion to compel may erase the 'benefits of arbitration,' such as 'efficiency, less expense, less intrusive discovery, and the like' that appellants contend the parties contracted for." *Sarah Car Care*, 3d Cir. No. 21-3108, 2023 U.S. App. LEXIS 22008, 5, citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S.Ct. 1915, 1919, 216 L.Ed.2d 671 (2023). Accordingly, because appellants' motion to compel arbitration remains pending in the trial court, we vacate the trial court's denial of appellants' motions for a protective order and to stay discovery and remand with instructions for the trial court to decide the pending motion to compel after the parties complete their briefing relating to the motion. All proceedings are to be stayed except that the parties may engage in limited discovery, to the extent it is necessary, on the arbitrability issue.

{¶ 23} Judgment reversed and remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., CONCURS;
MICHELLE J. SHEEHAN, J., DISSENTS (WITH SEPARATE OPINION)

MICHELLE J. SHEEHAN, J., DISSENTING:

{¶ 24} I respectfully dissent. I believe we are required to dismiss this appeal for lack of final appealable order. Furthermore, even if the trial court's orders were final and appealable, I would hold that it is within the trial court's discretion to decide scheduling matters while the motion to compel arbitration is pending.

{¶ 25} The trial court here denied appellants' motion for a protective order requesting to excuse appellants from appearing for depositions and to continue the trial until their motion to compel arbitration is decided; instead, the trial court ordered the parties to abide by the previous agreement on the deposition, discovery, and trial schedule. The trial court also denied appellants' motion to reduce the briefing period regarding their motion to compel arbitration, explaining that Biotriocity is entitled to the ordinary response time pursuant to Civ.R. 6(C)(1) and that the court would rule on the motion in due course after it is fully briefed.

{¶ 26} Under the circumstances of this case, I believe this court's precedent in *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 8th Dist.

Cuyahoga No. 84209, 2004-Ohio-6419, governs this case. *Marks* involves similar facts. This court reasoned that the trial court's order denying the motion to stay discovery was not final and appealable because the trial court had yet to rule on the motion to compel arbitration.[3] Similarly here, the trial court had not ruled on the motion to compel — it expressly stated that it would issue a decision on the motion to compel once the parties fully brief the motion in accordance with the schedule set forth in Civ.R. 6(C)(1). Because appellate courts only have jurisdiction to review final appealable orders, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02, this appeal must be dismissed.

{¶ 27} The majority finds *Marks* not controlling because appellants' motion to compel cites the authority of Sections 3 and 4 of the FAA and, pursuant to Section 16 of the FAA, a party may immediately appeal an order "refusing a stay of any action" involving "any issue referable to arbitration under an agreement in writing for such arbitration." However, the language of the FAA is similar to R.C. 2711.02(C) ("[A]n order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order * * *."). On its face, the provision of the FAA does not afford appellants a right to immediately appeal a denial of a stay of discovery when the trial court has yet to rule on the motion to compel arbitration.

---

[3] In *Marks*, this court also cited R.C. 2505.02 for its conclusion that the trial court's order denying a stay of discovery is not final and appealable: it was not an order that determined the action, made in a special proceeding (i.e., unknown at common law), or denied a "provisional remedy." This court reasoned that a stay of discovery pending a ruling on a motion to compel arbitration was not a "provisional remedy" because the potential for duplicative discovery was not an irreparable harm.

{¶ 28} Finally, even if this court had jurisdiction to review the trial court's orders, it should be noted that "[a] trial court's decision on scheduling and continuing matters will not be reversed absent an abuse of discretion." *Calhoun v. Calhoun*, 8th Dist. Cuyahoga No. 93369, 2010-Ohio-2347, ¶ 24. I believe in this case it is within the trial court's discretion to afford the parties time allocated by Civ.R. 6(C) to fully brief the motion to compel as well as to require the parties to abide by the previously agreed-upon discovery schedule while the motion to compel is pending. Accordingly, I would affirm the trial court's decision denying appellants' motions if this court were to exercise jurisdiction to consider this appeal.