[Cite as *Ercevik v. Don Wood Hyundai, L.L.C.*, 2025-Ohio-633.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Aysegul Ercevik, | : | Case No. 24CA34 |
| Plaintiff-Appellant, | : | |
| | : | <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Don Wood Hyundai LLC, et al., | : | **RELEASED 2/21/2025** |
| Defendants-Appellees. | : | |

_____

Hess, J.

**{¶1}** Aysegul Ercevik[1] appeals the judgment of the Athens County Court of Common Pleas compelling arbitration and staying the proceedings in her action against appellees Don Wood Hyundai, Line 5, and Credit Acceptance Corp. related to her purchase of a vehicle.  Appellees filed a motion to dismiss the appeal because they argue the trial court's order is not a final, appealable order under the Federal Arbitration Act, 9 U.S.C. § 16(b). Appellees argue that the parties agreed to apply the Federal Arbitration Act to their dispute, therefore those provisions govern, not Ohio's arbitration provisions in Revised Code Chapter 2711. Ercevik argues that the Federal Arbitration Act does not preempt state procedural rules and that under R.C. 2711.02(C), an order that grants a stay of a trial pending arbitration is a final order that may be reviewed on appeal.

---

[1] One of the trial court entries appealed from has appellant's name as "Aysegul Ercevik" in the caption, while another has her name as "Ercevik Aysegul." Because the record reflects that her name is "Aysegul Ercevik," we use that name.

**{¶2}**   We find that the parties agreed that the Federal Arbitration Act would govern their arbitration and, under 9 U.S.C. §16(b), a trial court order compelling arbitration and staying the proceedings is not appealable. We grant appellees' motion to dismiss.

## I.  PROCEDURAL HISTORY

**{¶3}**   Ercevik filed a complaint in Athens County Common Pleas Court against Don Wood Hyundai, Line 5, and Credit Acceptance Corp. in which she asserted various claims, including Ohio Consumer Sales Practices Act claims, fraud claims, and unjust enrichment claims.[2] The claims arose from a sales transaction in which Ercevik purchased a vehicle from Don Wood Hyundai. She sought damages in the amount of $8,710.08, plus treble damages in the amount of $17,420.16.

**{¶4}**   Don Wood Hyundai, Line 5, and Credit Acceptance Corp. filed motions to compel arbitration and stay the proceedings pending arbitration. They submitted the sales contract Ercevik electronically signed for the purchase of the vehicle. They also submitted the document governing the electronic signature process, which Ercevik signed non-electronically and agreed to use a legally binding electronic signature to sign all necessary documents for the transaction. The sales contract, titled "Retail Installment Contract," contained a detailed and lengthy arbitration clause, captioned in extra-large font, in all capital letters and underlined: <u>ARBITRATION CLAUSE</u>. The relevant section of the arbitration clause, as it relates to appellees' motion to dismiss this appeal, states that the parties agreed to abide by the right of appeal provided for in the Federal Arbitration Act, 9 U.S.C. §§ 1 et. seq. and to be governed by the provisions in the Federal Arbitration Act. The parties agreed not to be governed by any state arbitration law:

---

[2] A fourth defendant was named in the complaint but was subsequently dismissed and has no relevance to this appeal.

> The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. seq. ("FAA"). . . . This Arbitration Clause is governed by the FAA and not by any state arbitration law.

{¶5} Don Wood Hyundai and Ercevik also entered into a separate arbitration agreement that provided that arbitration would be governed by the provisions in the Federal Arbitration Act and not state arbitration laws:

> Any arbitration under this Arbitration Agreement shall be governed by the Federal Arbitration Act (9 U.S.C. 1 et. seq.) and not by any state law concerning arbitration.

The provisions of the vehicle service contract financed by Line 5 also contained an arbitration agreement that the parties agreed would be governed by the Federal Arbitration Act:

> The Federal Arbitration Act will govern the interpretation, enforcement, and proceedings pursuant to this Contract's arbitration provisions.

Based on these agreements, the appellees argued that the claims brought by Ercevik must be arbitrated and the proceedings stayed.

{¶6} Ercevik did not deny that she signed the documents. She did not claim that her written signature was forged, nor did she claim that the electronic signature agreement was forged. She conceded she signed a number of documents electronically but did not know what she signed. Although she claimed she was not given paper copies of the documents, she conceded documents were available through an electronic portal and she accessed them after the sale. Ercevik's defense to the arbitration clause was that she did not read the documents before she signed them and, to the extent she did read them, she did not understand them. She also argued that the arbitration clauses were unconscionable and unenforceable.

**{¶7}** The trial court granted Don Wood Hyundai, Line 5, and Credit Acceptance Corp.'s motions to compel arbitration and stayed the proceedings. Ercevik appealed the trial court's order compelling arbitration and staying the proceedings.

## II. LEGAL ANALYSIS

**{¶8}** Appellees filed a motion to dismiss this appeal because the parties agreed to have the Federal Arbitration Act govern their arbitration and an order compelling arbitration and staying proceedings is an interlocutory order that cannot be appealed under 9 U.S.C. §16(b). Appellees argue that not only did the parties agree to have the Federal Arbitration Act govern the arbitration, they explicitly stated that they would not be governed by any state arbitration laws. Therefore, they argue that the trial court's order is not a final, appealable order and we should dismiss the appeal.

**{¶9}** Ercevik argues that Ohio law, not the Federal Arbitration Act, is applicable and under R.C. 2711.02(C), the order compelling arbitration and staying the proceeding is a final, appealable order. She argues that the Federal Arbitration Act does not preempt procedural rules in state courts and that whether an order is final is a procedural question that should be governed by Ohio law. Ercevik also argues the substantive merits of her appeal and contends that the appellees did not prove the existence of the arbitration agreements. However, we disregard that argument as premature because it goes to the underlying merits of the appeal.

**{¶10}** Parties are free to determine the general structure of dispute resolution and "Ohio and federal courts encourage arbitration to settle disputes." *Academy of Medicine of Cincinnati v. Aetna Health, Inc.,* 2006-Ohio-657, ¶ 10. "An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate

disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471 (1998).

> Given that arbitration agreements are simply contracts, " '[t]he first principle that underscores all of our arbitration decisions' is that '[a]rbitration is strictly a matter of consent.' " Arbitration is "a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." Consequently, the first question in any arbitration dispute must be: What have these parties agreed to?

(Citations omitted.) *Coinbase, Inc. v. Suski*, 602 U.S. 143, 148 (2024).

**{¶11}** What have the parties agreed to here? The parties have agreed to have the Federal Arbitration Act, not Ohio's Arbitration Chapter 2711, apply to this dispute. Therefore, the provisions in 9 U.S.C. § 16, governing appeals of trial court arbitration orders, are applicable, not R.C. 2711.02(C). *Biotricity, Inc. v. DeJohn,* 2024-Ohio-1593, ¶ 18, 20 (8th Dist.) (because the parties agreed "The Federal Arbitration Act ('FAA') applies" to their dispute, 9 U.S.C. §16 applied to determine whether the trial court orders were appealable); *Credit Acceptance Corp. v. Beard*, 2024-Ohio-4799, ¶ 13-14 (8th Dist.).

**{¶12}** In *Credit Acceptance Corp.*, *supra*, the parties entered into an arbitration agreement that, like the agreements here, specified it was "governed by the FAA and not by any state arbitration law." And just as Ercevik did, appellant Beard appealed a trial court order compelling arbitration and staying the case. The appellate court held that because 9 U.S.C. § 16(b) states that a trial court order granting a stay and compelling arbitration is not appealable and the parties agreed to have the Federal Arbitration Act govern their arbitration, the order granting the stay and compelling arbitration was not a final, appealable order. The appellate court determined that it lacked jurisdiction to review the merits of the appeal and dismissed the appeal. *Id.* at ¶ 14.

{¶13} Ercevik urges us to disregard the *Credit Acceptance* decision and follow the holding of a 2010 Nebraska Supreme Court case which applied the doctrine of federal preemption to decide whether Nebraska law or the Federal Arbitration Act applied to determine if an order was a final appealable order. The Nebraska court determined that the federal preemption doctrine did not require the court to apply the Federal Arbitration Act to the question of appealability. *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 597-603 (2010) (the case also involved a federal preemption analysis of the application of the Federal Crop Insurance Act, 7 U.S.C. § 1501 et seq. and the court determined the federal preemption doctrine did required the court to apply the Federal Crop Insurance regulations over Nebraska's statute that invalidated agreements to arbitrate insurance policy controversies). Ercevik argues that because the Federal Arbitration Act does not preempt state arbitration laws on appealability, we should apply the state statute, R.C. 2711.02(C), and find that the order is appealable. Appellees argue that the doctrine of federal preemption does not apply where the parties have chosen by contract to apply the Federal Arbitration Act to their dispute.

{¶14} We find that the doctrine of federal preemption is inapplicable to this case. The doctrine of federal preemption comes from the Supremacy Clause of the United States Constitution which gives the United States Congress power to preempt state laws. It comes in three forms: (1) express preemption, where the federal law expressly preempts state law; (2) field preemption, where a federal law covers the entire regulatory field leaving no room for state law; and (3) conflict preemption, where there is a conflict between state and federal law such that the state law stands as an obstacle to Congress. *See State ex rel. Yost v. Volkswagen Aktiengesellschaft,* 2019-Ohio-5084, ¶ 12-14 (10th

Dist.) for a general discussion of the federal preemption doctrine. "In determining whether federal law preempts state law, '[t]he purpose of Congress is the ultimate touchstone.' " *Id.* at ¶ 14, quoting *Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978).

**{¶15}** Thus, federal preemption analysis arises in cases where both state and federal law may be applicable and the court must determine whether federal law preempts the application of state law. In *Kremer, supra,* the Nebraska case Ercevik urges us to follow, the parties had agreed to arbitrate disputes, but did not have any choice of law provision in their contract. The parties' arbitration agreement did not specify that the arbitration would be governed by the Federal Arbitration Act. Therefore, in deciding whether to apply the Nebraska statute governing final appealable orders, the court engaged in a federal preemption analysis to determined whether the Federal Arbitration Act rules governing appealability preempted state law. The court decided that the state law on appealable orders was not preempted by the Federal Arbitration Act and applied state law.

**{¶16}** *Kremer* is distinguishable because, unlike in *Kremer*, the parties here have agreed that the Federal Arbitration Act applies to their arbitration, therefore there is no need to engage in any sort of federal preemption analysis – the parties through their agreement have already decided that federal law will apply. Where the parties have specified the rules that will govern their arbitration, courts should enforce those rules according to the terms of their agreement. *Volt Information Science, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 472 (1989) (where the parties have selected specific laws to govern their arbitration agreement, application of another set of laws to prevent the enforcement of the parties' choice "would actually be 'inimical to the

policies underlying state and federal arbitration law' because it would 'force the parties to arbitrate in a manner contrary to their agreement.' ").

**{¶17}** In *Volt Information Sciences, supra,* the parties' contract contained an arbitration clause, but instead of choosing the Federal Arbitration Act to govern the arbitration, the parties chose California state law. Because the parties chose state law, not federal law, to govern their contract, the Court engaged in a federal preemption analysis to determine whether, regardless of the parties' choice of state law, the Federal Arbitration Act had to be applied. The Court determined that the Federal Arbitration Act did not have an express preemption provision, nor did it reflect congressional intent to occupy the entire field so field preemption was not applicable. The Court also determined that applying California law to the dispute would not undermine the policies of the Federal Arbitration Act, thus there was no conflict preemption.

**{¶18}** The Court applied the federal preemption doctrine in *Volt* because the parties chose state law to govern their dispute. Had the parties in *Volt* chose federal law – the Federal Arbitration Act – to apply to their arbitration, the Court would not have needed to engage in the federal preemption analysis – the parties' choice of federal law would moot any discussion of federal preemption. Although *Volt* is distinguishable because federal preemption analysis was required in *Volt* and it is not required here, one key principle reflected in *Volt* is that the Federal Arbitration Act's principal purpose is to ensure that private arbitration agreements are enforced according to their terms and courts should not prevent the enforcement of the parties' choice of terms. *Volt Information Science, Inc,* 489 U.S. at 472.

**{¶19}** The parties here have specified in their arbitration clause that the Federal Arbitration Act applies to their arbitration and this key fact distinguishes this case from other cases in which the parties have either made no specific choice of law or have specified that a state law governs their arbitration. In those cases, courts generally hold that the appealability of an order compelling arbitration is governed by state law, not the Federal Arbitration Act. *See, e.g. Wells v. Chevy Chase Bank, F.S.B.*, 363 Md. 232 (2001) (where parties agreed to arbitrate disputes and agreed that Maryland law applied, Maryland's laws governing appealability of an order compelling arbitration applied). However, here where the parties have agreed to have the Federal Arbitration Act govern their arbitration, the federal preemption doctrine has no application and the appealability of an arbitration order is governed by 9 U.S.C. § 16. *Credit Acceptance Corp. v. Beard*, 2024-Ohio-4799 (8th Dist.); *Biotricity, Inc. v. Dejohn*, 2024-Ohio-1593 (8th Dist.).

### III. CONCLUSION

**{¶20}** The trial court's order compelling arbitration and staying the proceeding is not appealable under 9 U.S.C. §16(b) and the parties agreed that this provision applies to their arbitration. Therefore, the order is not a final, appealable order and we lack jurisdiction to review the merits of this appeal. We **GRANT** appellees' motion to dismiss and **DISMISS** the appeal. Any pending motions are denied as moot.

**MOTION GRANTED. APPEAL DISMISSED. IT IS SO ORDERED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL IS DISMISSED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., & Wilkin, J.: Concur.

**FOR THE COURT**


_____
Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**